IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01395-CYC

TIMOTHY J. CHRISTENSEN,

     Plaintiffs,

v.

BOARD OF TRUSTEES OF METROPOLITAN STATE UNIVERSITY OF DENVER;
JANINE DAVIDSON, in her official capacity;
MATTHEW MAKLEY, in his official capacity;
KARIN RANTA-CURRA, in her official capacity; and
CONNIE SANDERS, in her official capacity,

     Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Motion for Appointment of Counsel, ECF No. 20, (the "Motion"). Oral argument will not materially assist in the resolution of this matter, and the Motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the Motion is **DENIED without prejudice**.

**BACKGROUND**

The plaintiff initiated this action by filing a pro se complaint on April 1, 2026. ECF No. 1. He was twice ordered to amend his complaint, ECF Nos. 6, 15, and did so. ECF Nos. 11, 16. As a result, the second amended complaint is the operative pleading. ECF No. 16. The plaintiff brings this action against the defendants under the Americans with Disabilities Act, the

Rehabilitation Act, and the Fourteenth Amendment. In short, the plaintiff alleges that while he was a student at Metropolitan State University of Denver, he had approved disability accommodations through the university's Access Center, but the defendants failed to provide needed accommodations such as "modified assignment deadlines, extended time, use of technology, advance access to courts materials, breaks, private space, sensory-reducing devices, sit/stand, and group-work substitution." *Id*. ¶ 2. This led to his constructive withdrawal. *Id*. ¶ 7. He also alleges that the university withheld requested information. *Id*. ¶¶ 27–32.

## ANALYSIS

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d

978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. This case is still in its very early stages — the defendants have not yet been served and the Court has not held a status conference. *See Diaz v. USI Ins. Servs.*, No. 18-cv-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019). In support of the Motion, the plaintiff states that his case presents legal issues that are "uniquely complex." ECF No. 20 at 3. While there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's second amended complaint is not amongst the most complex that find their way into federal court. The plaintiff also argues that an attorney should be appointed because the case will require discovery and he had difficulty obtaining documents from the university prior to filing this lawsuit. *Id*. at 3–4. This argument puts the cart before the horse. It is as yet unclear whether this case will proceed to discovery. The plaintiff also states that the disability for which he was granted accommodations by the university means that the Court must appointment counsel because he has "disability-related limitations." *Id.* at 4. But the plaintiff's filings demonstrate his ability to navigate this litigation. For example, the plaintiff was twice ordered to amend his complaint and did so successfully, resulting in this case moving forward. And the Court currently lacks record evidence showing the precise nature and severity of his disabilities or the extent to which they interfere with the plaintiff's ability to litigate this case. *See Bertolo v. Benezee*, 601 F. App'x 636, 640–41 (10th Cir. 2015) (holding that the district court did not abuse its discretion in denying the plaintiff appointed counsel because the plaintiff did not indicate how his medical condition would affect his ability to present his case); *cf. McCarthy v. Weinberg*, 753 F.2d 836, 839–40 (10th Cir. 1985) (holding as an abuse of discretion the district court's denial of

appointed counsel when the record evidence demonstrated that the plaintiff's medical condition affected his eyesight, hearing, ability to communicate, and comprehend the proceedings). With regard to the merits of the claims, while the plaintiff is correct that his claims were not summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), *id*. at 5, that does not necessarily mean those claims are meritorious. The merit of the claims will be tested after the defendants are served and have appeared. Finally, the plaintiff notes that he "has made repeated, good-faith efforts to retain private counsel and has been unable to do so." *Id*. To be sure, "having counsel appointed would . . . assist[ ] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Indeed, there is no right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent.").

In sum, this case is at an early stage, it is not overly complex from a reading of the amended complaint, and it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's circumstances materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

4

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Appointment of Counsel, ECF No.

20, is **DENIED without prejudice**.

Entered and dated this 30th day of June 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

5