IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01395-PAB

TIMOTHY J. CHRISTENSEN,

Plaintiff,

v.

BOARD OF TRUSTEES OF METROPOLITAN

STATE UNIVERSITY OF DENVER, *et al.*,

Defendants.

---

**MOTION FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT**

---

Plaintiff Timothy J. Christensen, pro se, respectfully moves under Fed. R. Civ. P. 15(a)(2) for leave to file the proposed Third Amended Complaint attached as Exhibit 1, together with a strike-through/underline comparison against the operative Second Amended Complaint (ECF 16) attached as Exhibit 2 pursuant to D.C.COLO.LCivR 15.1(b). A proposed order is submitted herewith.

**I. Background**

Plaintiff filed his original Complaint on April 1, 2026. Following review under 28 U.S.C. § 1915(e)(2)(B) and at the Court's direction (ECF 15), Plaintiff filed the operative Second Amended Complaint on May 19, 2026 (ECF 16). It asserts claims under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the ADA's anti-retaliation provision (42 U.S.C. § 12203), and 42 U.S.C. § 1983 for violation of the Fourteenth Amendment. The pleading survived screening, and the case was drawn for service (ECF 18). No Defendant has yet been served or has appeared. The case is now assigned to Judge Brimmer and referred to Magistrate Judge Chung for all motions (ECF 26, 27). The Court has set a Rule 16(b) scheduling conference for August 18, 2026 (ECF 22). No scheduling order has entered, and no deadline for amendment of pleadings has been set.

**II. The Proposed Amendment**

Since the operative complaint was filed, the disability-access, retaliation, process-access, and safety conditions alleged in it have culminated in concrete injury, and this action is now centered on monetary relief. The proposed Third Amended Complaint:

(a) adds as Defendants, in their individual capacities, University officials who personally participated in the alleged violations, in support of a claim for constitutional damages under 42 U.S.C. § 1983;

(b) pleads the § 1983 claims as independent violations of the First and Fourteenth Amendments—procedural due process and retaliation for protected activity—and not as a vehicle to enforce rights created by the ADA or Section 504, *see Fitzgerald v. Barnstable School Committee*, 555 U.S. 246 (2009);

(c) incorporates events occurring after the operative complaint, and their continuing consequences, as authorized by Fed. R. Civ. P. 15(d), and pleads the resulting completed injury; and

(d) narrows the prospective relief to Plaintiff's live claims for academic completion, rescission or clarification of the disciplinary directive, and records access, and adds a claim for monetary relief.

**III. Leave Should Be Freely Given**

Leave is warranted by changed circumstances, not by any failure to cure a prior defect: the injury underlying this action has now been completed, and events have occurred since the operative complaint that bear directly on liability and relief. Because no scheduling order has entered, leave is governed solely by Rule 15(a)(2)'s direction that "[t]he court should freely give leave when justice so requires," and the good-cause requirement of Rule 16(b)(4) does not apply. *See Gorsuch, Ltd., B.C. v. Wells Fargo National Bank Ass'n*, 771 F.3d 1230, 1240–42 (10th Cir. 2014). None of the factors that justify denial is present. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The amendment is sought at the earliest practical stage, before service and before any responsive pleading; there is no bad faith or dilatory motive; and no Defendant is prejudiced, none having appeared. The amendment is not futile.

The Court has previously directed that new matter be presented in a single, complete amended pleading rather than by piecemeal supplement (ECF 15). Consistent with that direction, Plaintiff presents all matter—including events post-dating the operative complaint—in one complete Third Amended Complaint. *See* Fed. R. Civ. P. 15(d).

**IV. Screening Under § 1915(e)(2)(B)**

Plaintiff proceeds in forma pauperis and recognizes that the proposed pleading is subject to review under 28 U.S.C. § 1915(e)(2)(B). The § 1983 claims are pleaded as independent constitutional violations with personal participation alleged as to each individual Defendant, and the individual-capacity conduct falls within the applicable two-year limitations period, so the amendment is timely without resort to relation back under Rule 15(c).

**V. Conferral**

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff states that he has been unable to confer because, based on the docket available to Plaintiff, no Defendant has appeared through counsel and no Defendant has been served. Plaintiff cannot obtain a position from any opposing party at this time and will comply with any further order of the Court regarding conferral, service, or additional filing requirements.

**VI. Conclusion**

Plaintiff respectfully requests that the Court grant leave to file the attached Third Amended Complaint as the operative pleading and, Plaintiff proceeding in forma pauperis, direct the United States Marshal to effect service of the operative pleading on all Defendants. In the alternative, to the extent the Court determines any portion of the proposed pleading should be presented differently, Plaintiff requests leave to conform the pleading to the Court's direction.

Respectfully submitted,

s/ Timothy J. Christensen
Timothy J. Christensen
Plaintiff, pro se
10987 E. Crestline Circle
Englewood, CO 80111
Telephone: 983-214-9249
Email: TJHVACRLLC@gmail.com

**CERTIFICATE OF SERVICE**

Dated this 9th day of July, 2026, at Englewood, Colorado.

I hereby certify that on July 9, 2026, I filed the foregoing Motion for Leave to File Third Amended Complaint, with attachments, through CM/ECF. To the best of Plaintiff's knowledge, no Defendant has appeared through counsel as of the filing of this Motion. Plaintiff will provide any additional service required by the Court.

s/ Timothy J. Christensen

Timothy J. Christensen