IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01395-PAB-CYC

TIMOTHY J. CHRISTENSEN,

Plaintiff,

v.

BOARD OF TRUSTEES OF METROPOLITAN STATE UNIVERSITY OF DENVER, et al.,

Defendants.

---

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(m)**

---

Plaintiff Timothy J. Christensen, pro se and proceeding in forma pauperis, respectfully moves under Fed. R. Civ. P. 4(m) for an extension of time within which to effect service of process. Service in this action is performed by the United States Marshals Service on Plaintiff's behalf pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). Process was transmitted to the Marshals Service on June 22, 2026. As of the date of this filing, no return of service has been docketed as to any Defendant, and no Defendant has been served or has entered an appearance.

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff states that conferral is not possible. No Defendant has been served, no Defendant has appeared, and no counsel has appeared for any Defendant. There is no party or counsel with whom Plaintiff can confer.

**BACKGROUND**

1. Plaintiff filed his original Complaint on April 1, 2026 (ECF No. 1), together with an Application to Proceed Without Prepaying Fees or Costs (ECF No. 2).

2. On May 12, 2026, the Court granted leave to proceed under 28 U.S.C. § 1915 (ECF No. 14) and, by separate order the same day, directed Plaintiff to file a Second Amended Complaint (ECF No. 15).

3. Plaintiff filed the Second Amended Complaint on May 19, 2026 (ECF No. 16). It is presently the operative pleading.

4. On June 18, 2026, the Court found the case not appropriate for summary dismissal and ordered it drawn (ECF No. 18).

5. On June 22, 2026, the Clerk executed and transmitted to the United States Marshals Service the Second Amended Complaint, summonses, the magistrate judge consent form, and completed USM-285 forms for each of the five Defendants then named (ECF No. 21 and attachments 21-1 through 21-5).

6. As of the date of this filing — three weeks after transmittal — no return of service has been entered as to any Defendant, and no Defendant has appeared.

7. On June 22, 2026, the Court set a Fed. R. Civ. P. 16(b) Scheduling Conference for August 18, 2026, and ordered a proposed Scheduling Order filed no later than seven days beforehand (ECF No. 22).

8. On July 9, 2026, Plaintiff moved for leave to file a Third Amended and Supplemental Complaint (ECF No. 28). That motion was referred to the assigned Magistrate Judge on July 10, 2026 (ECF No. 29) and remains pending. If leave is granted, the Third Amended and Supplemental Complaint will become the operative pleading and will name nine Defendants — the five presently named, plus four individual-capacity Defendants (Andrew McGeehan, Adrienne Martinez, Taylor Tackett, and Edward Brown) who must then be served.

**ARGUMENT**

9. Rule 4(m) directs that if a defendant is not served within 90 days after the complaint is filed, the court must extend the time for service for an appropriate period if the plaintiff shows good cause. Good cause exists here.

10. Service is not Plaintiff's to perform. Plaintiff proceeds in forma pauperis. Under 28 U.S.C. § 1915(d), the officers of the court shall issue and serve all process in an in forma pauperis action, and under Fed. R. Civ. P. 4(c)(3) the court must order service by the United States Marshal for a plaintiff proceeding in forma pauperis. Responsibility for effecting service rests with officers of the court.

11. Plaintiff could not serve anyone before June 22, 2026. Summonses did not issue and process was not transmitted to the Marshals Service until that date — more than eighty days after the original Complaint was filed — because the Court was conducting its review under 28 U.S.C. § 1915(e)(2)(B) and D.C.COLO.LCivR 8.1, granting leave to proceed in forma pauperis, and directing the filing of the operative pleading. Plaintiff had no ability to effect service during that interval.

12. Plaintiff has done everything required of him. The Clerk completed and transmitted the USM-285 forms and accompanying process on June 22, 2026 (ECF No. 21). Nothing further was required of Plaintiff, and no delay since that date is attributable to him.

13. The Tenth Circuit has squarely so held. In Olsen v. Mapes, 333 F.3d 1199 (10th Cir. 2003), the court held that when a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff, and that responsibility for a failure to serve therefore rests with the Marshal or the district court — not with the plaintiff. Id. at 1204. The court further recognized that good cause exists to excuse a plaintiff's failure to serve where the plaintiff proceeds in forma pauperis and is entitled to rely on service by the United States Marshal, at least where the record contains no evidence that the plaintiff failed to cooperate with the Marshals or was otherwise not entitled to their service. Id. at 1204–05.

14. The recognized exception does not apply. The Marshals Service is not responsible for a lack of service where the plaintiff does not provide correct information required for service. See Johnson v. U.S. Postal Serv., 861 F.2d 1475, 1479–80 (10th Cir. 1988) (Marshals Service not culpable where the plaintiff named the wrong defendant). Dismissal on that basis is improper unless the service defect results from inadequate or inaccurate information presented by the plaintiff, or from a lack of diligence on the plaintiff's part. Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1352 (D. Kan. 1994). Neither is present here. Plaintiff supplied no service information at all: the Clerk of Court prepared and executed each USM-285 form and transmitted it, with process, to the Marshals Service (ECF Nos. 21-1 through 21-5). And Plaintiff has been diligent — he brings this Motion promptly, rather than allowing the service period to lapse in silence. There is accordingly no evidence in the record that Plaintiff failed to cooperate with the Marshals Service or is otherwise not entitled to its service.

15. Relief should extend to the operative pleading as it may be amended. Plaintiff's motion for leave to file a Third Amended and Supplemental Complaint (ECF No. 28) is pending. If it is granted, the pleading now in the Marshals Service's hands will be superseded and four additional Defendants will require service. To avoid successive motions and further delay, Plaintiff requests that any extension apply to whichever pleading is operative and to every Defendant named in it.

16. Plaintiff does not concede, and does not ask the Court to decide, whether the 90-day period runs from the original Complaint or from a later pleading as to any particular Defendant. Plaintiff seeks an extension as to all Defendants so that the question need not be resolved in order to grant relief.

17. No Defendant is prejudiced. No Defendant has appeared, no responsive pleading has been filed, no discovery has occurred, and no trial date is set.

18. The scheduling conference cannot proceed as set. The Court has ordered a proposed Scheduling Order filed seven days before the August 18, 2026 conference (ECF No. 22), and

D.C.COLO.LCivR 16.2 contemplates a proposed Scheduling Order prepared jointly by the parties. Because no Defendant has been served or appeared, Plaintiff has no party with whom to confer and cannot produce a joint proposed Scheduling Order. Plaintiff raises this so the Court may address it, and respectfully suggests that the conference and its associated deadline be reset to dates following completion of service.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Extend the time for service of process under Fed. R. Civ. P. 4(m) for sixty (60) days from the date of the Court's order, or such other period as the Court deems appropriate, as to all Defendants named in the operative pleading, including any Defendant added by the Third Amended and Supplemental Complaint should leave be granted;

b. Direct the United States Marshals Service to effect service of the operative pleading on all Defendants and to file returns of service on the docket;

c. Vacate and reset the Fed. R. Civ. P. 16(b) Scheduling Conference and the associated proposed Scheduling Order deadline to dates following completion of service; and

d. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of July, 2026.

s/ Timothy J. Christensen
Timothy J. Christensen
Plaintiff, pro se
10987 East Crestline Circle
Englewood, CO 80111
Telephone: 983-214-9249
Email: TJHVACRLLC@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. No Defendant has been served with process or entered an appearance in this action, and no counsel has appeared on behalf of any Defendant. Accordingly, no service copy has been transmitted to any Defendant or counsel.

s/ Timothy J. Christensen
Timothy J. Christensen