IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01395-PAB-CYC

TIMOTHY J. CHRISTENSEN,

Plaintiff,

v.

BOARD OF TRUSTEES OF METROPOLITAN STATE UNIVERSITY OF DENVER;
JANINE DAVIDSON, in her official capacity;
MATTHEW MAKLEY, in his official capacity;
KARIN RANTA-CURRA, in her official capacity;
CONNIE SANDERS, in her official capacity;
ANDREW McGEEHAN, in his individual capacity;
ADRIENNE MARTINEZ, in her individual capacity;
TAYLOR TACKETT, in his individual capacity; and
EDWARD BROWN, in his individual capacity,

Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Qualified immunity "is an *immunity from suit* rather than a mere defense to liability," meaning that "even such pretrial matters as discovery are to be avoided if possible" for a defendant who invokes the doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)). Defendants Board of Trustees of Metropolitan State University of Denver (the "Board"), Janine Davidson, Matthew Makley, Karin Ranta-Curra, Connie Sanders, Andrew McGeehan, Adrienne Martinez, Taylor Tackett, and Edward Brown therefore move to stay discovery pending resolution of their motion to dismiss. ECF No. 53. Only some of them actually invoke qualified immunity in the latter motion. *See* ECF No. 52 at 21–24. But the Supreme Court has indicated that such circumstances warrant a stay of

discovery even as to those defendants that do not assert qualified immunity. This Court is not free to disagree. The defendants' motion to stay is therefore **GRANTED**.

## BACKGROUND

According to the Third Amended Complaint, the plaintiff is a disabled student studying physics at Metropolitan State University of Denver ("MSU"), a public university. ECF No. 44 ¶ 4–5. Broadly speaking, he alleges that MSU failed to accommodate his disability, unjustly found that he had engaged in inappropriate student conduct, and retaliated against him when he complained about the process. *See id.* ¶¶ 21–46. He asserts six claims against the defendants: four against the Board or the official-capacity defendants and two against the individual-capacity defendants. *Id.* ¶¶ 47–73. The defendants moved to dismiss all claims, ECF No. 52, with McGeehan, Martinez, Brown, and Tackett asserting qualified immunity. *Id.* at 21–24. This motion followed, ECF No. 53, and the district judge referred it to the undersigned. ECF No. 54.

## ANALYSIS

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but Rule 26(c) permits a court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In addition, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court may therefore stay discovery in its discretion. *Id.* at 254-55.

The defendants invoke qualified immunity in their bid for a stay. Under that doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818.

This is so because "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'" *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Thus, where an official asserts qualified immunity, "even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Mitchell*, 472 U.S. at 526 (quoting *Harlow*, 457 U.S. at 817). For such a defendant, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). "A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all." *Siegert*, 500 U.S. at 232. "Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." *Id.* As to the claims and defendants claiming qualified immunity, then, discovery should be stayed, and the plaintiff does not contend otherwise. *See* ECF No. 57 at 8.

Instead, the dispute focuses on any stay exceeding that scope. In addressing this question, the Court does not write on a pristine page. The Supreme Court has already spoken: "If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). "Litigation, though necessary to ensure that officials

comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Id.* And

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 685–86. "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell v. Camp*, 54 F.4th 307, 313 (5th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 686). That is, "the Supreme Court believes discovery should be stayed in the case as a whole even when only one defendant is asserting qualified immunity." *A.A. ex rel. Archuleta v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 5974170, at *2 (D. Colo. Oct. 9, 2012) (finding clear error in magistrate judge's decision to stay discovery only as to defendant asserting qualified immunity); *accord Lowe v. New Mexico ex rel. King*, Civ. No. 10-315 JH/LFG, 2010 WL 11622983, at *2 (D.N.M. May 28, 2010) ("[T]he Supreme Court made clear that when there exists a legitimate basis compelling the stay of discovery for qualified immunity, *all discovery* should be stayed as to *all defendants.*"). That cannot be ignored.

Moreover, that is the holding of the only circuit to address the question, *see Carswell*, 54 F.4th at 313, "[s]tandard practice" in at least one other district in this circuit, *Higgins v. Saavedra*, No. 1:17-cv-00234-WPL-LF, at *1 (D.N.M. Apr. 21, 2017), and the path several decisions in this District have followed, *see, e.g.*, *Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL 5957126, at *6 (D. Colo. Sep. 13, 2023); *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *2 (D. Colo. Mar. 15, 2021); *A.A.*, 2012 WL 5974170, at *2;

*Eggert ex rel. Eggert v. Chaffee Cnty.*, No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *3 (D. Colo. Aug. 25, 2010). It therefore charts the correct course to follow.

To be sure, other decisions from this district have thoughtfully considered the issue and decided differently. *See, e.g.*, *Est. of Purdy v. Bd. of Cnty. Comm'rs*, No. 25-cv-00556-SKC-TPO, 2025 WL 3098694, at *2 (D. Colo. Oct. 7, 2025); *McGinn v. El Paso Cnty.*, 640 F. Supp. 3d 1070, 1075–76 (D. Colo. 2022); *Est. of McClain by & through McClain v. City of Aurora*, No. 20-cv-02389-DDD-NRN, 2021 WL 307505, at *2–4 (D. Colo. Jan. 29, 2021). But there are a number of reasons not to follow them here.

To begin, they do not discuss *Iqbal*'s language, which appears to be directly on point. While that language rests in a discussion of Rule 8 pleading standards, making it technically dicta, *see* 556 U.S. at 685–86, a lower court is "bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements." *Mohamed v. Jones*, 100 F.4th 1214, 1233 (10th Cir. 2024); *see Lucero*, 2023 WL 5957126, at *5. It therefore carries considerable force.

In addition, the decisions each rely upon *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004). But *Rome* "pre-date[s] the Supreme Court's decision in [*Iqbal*], in which the Court considered a discovery stay when the issue of qualified immunity was raised." *Cook*, 2021 WL 981308, at *2. "Before *Iqbal*, it was somewhat unsettled among courts whether and under what circumstances discovery should be stayed on the basis of a qualified immunity assertion." *Tenorio v. Pitzer*, No. CV 12-1295 MCA/KBM, 2013 WL 12178001, at *3 (D.N.M. July 27, 2013). "However, after *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified immunity, even for those defendants not asserting the defense." *Id.* (citing *Iqbal*, 556 U.S. at 685). Thus, "*Rome*" does not "dictate[] denying the requested stay here," *id.*; *accord*

*Montoya ex rel. SM v. Espanola Pub. Sch. Dist. Bd. of Educ.*, Civ. No. 10-651 WJ/LFG, 2010 WL 11618928, at *1 (D.N.M. Dec. 22, 2010), given that "it provides little discussion of the sorts of prejudice concerns that are present here if discovery proceeds as to some but not all defendants." *Cook*, 2021 WL 981308, at *2.

*Rome* also came in a different context than this motion. It remarked that "[e]ven where a qualified immunity defense is asserted, some limited discovery is still permitted" in addressing "a motion for summary judgment on contested factual assertions," where "[a] plaintiff faced with a defense of qualified immunity . . . may . . . be entitled to conduct discovery to explore facts essential to justify opposition to the motion." 225 F.R.D. at 643–44 (citing *Crawford-El v. Britton*, 523 U.S. 574, 599 n.20 (1998)). "Unlike a motion for summary judgment, however, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery." *Lowrey v. City of Rio Rancho*, No. 1:25-CV-00849-JFR-LF, 2025 WL 3192778, at *1 (D.N.M. Nov. 14, 2025) (citing *Iqbal*, 556 U.S. at 674–75). Thus, "where the pleadings are insufficient to overcome [qualified immunity], the district court *must* grant the motion to dismiss without the benefit of pre-dismissal discovery." *Carswell*, 54 F.4th at 312. This case's posture, with a pending motion to dismiss asserting qualified immunity, distinguishes it from *Rome*.

There is more. Part of what anchors the aforementioned decisions is that "even if the Court issued a blanket stay and the individual § 1983 claims were eventually dismissed by the Court on qualified immunity grounds, substantially similar discovery still may have to take place" because of claims against the institutional defendant. *McGinn*, 640 F. Supp. 3d at 1075; *see Est. of McClain*, 2021 WL 307505, at *3 ("The individual Defendants would likely be witnesses with respect to the claims against the City of Aurora and will be deposed in any event."). But there is a difference between deposing a person as a party sued in his individual

capacity and as a witness in a suit against another. *See Carswell*, 54 F.4th at 313. A testifying defendant must worry, for instance, that his statements will be used against him, unlike non-party witness. *See id.*; Fed. R. Evid. 801(d)(2)(A). A plaintiff "cannot elide these differences by saying the defendant would have to testify either way." *Id.* Nor does splitting the deposition into personal-capacity and witness-only segments solve the problem: "It only exacerbates the burdens of litigation to make a defendant sit for two depositions instead of one." *Id.* at 314. In other words, "[c]areful case management, such as allowing discovery to proceed as to only some defendants, cannot overcome the demands of qualified immunity." *Martin v. Country of Santa Fe*, No. 13-CV-00575 KBM/RHS, 2013 WL 11324251, at *1 (D.N.M. Dec. 10, 2013), *aff'd sub nom*. *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736 (10th Cir. 2015). After all, those demands require avoidance of "even 'minimally intrusive discovery.'" *Carswell*, 54 F.4th at 313 (quoting *Iqbal*, 556 U.S. at 686).

The short of it is that *Iqbal* strongly indicates that discovery against all defendants ought to be stayed when at least one asserts qualified immunity. Given that suggestion, consideration of the traditional factors under *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), and, by extension, the plaintiff's arguments about prejudice under that test, *see* ECF No. 57 at 4–11, is unnecessary. *See Lucero*, 2023 WL 5957126, at *6; *A.A.*, 2012 WL 5974170, at *2. There may be exceptions to such a blanket stay — "where there is no direct connection between the entity and the particular individual asserting immunity," *Est. of Thakuri by & through Thakuri v. City of Westminster*, No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at *5 (D. Colo. Dec. 12, 2019), *objections overruled*, 2024 WL 1152564 (D. Colo. Feb. 23, 2024), for instance — but to the extent they exist, they do not apply here. A stay is therefore appropriate as to all defendants.

The plaintiff's response raises a few final issues that warrant brief mention. He expresses concern that without a scheduling order setting a deadline for amendment of pleadings in place, he cannot add certain claims before their statutes of limitations expire. *See* ECF No. 57 at 5. But there is no requirement that such a deadline exist before the plaintiff moves to amend. Nothing prevents him from so moving today if he meets the dictates of Fed. R. Civ. P. 15 and D.C.COLO.LCivR 15.1. He also claims that the defendants' motion to dismiss does not seek dismissal of the whole complaint, militating against a stay, *see* ECF No. 57 at 2–3, but the defendants explicitly seek dismissal of the entire Third Amended Complaint. *See* ECF No. 52 at 3–4, 24. Finally, he asks in his response for certain orders regarding his grades and discovery materials, *see id.* at 13, but "[a] motion shall not be included in a response or reply to the original motion." D.C.COLO.LCivR 7.1(d). Instead, "[a] motion shall be filed as a separate document." *Id.* Addressing those requests is therefore inappropriate here.

## CONCLUSION

For the foregoing reasons, the defendants' Motion to Stay Proceedings, ECF No. 53, is **GRANTED**. Discovery is **STAYED** pending resolution of the defendants' motion to dismiss, ECF No. 52. The Motion Hearing set for November 10, 2026 is **VACATED**.

It is further **ORDERED** that within seven days of the district judge's ruling on the motion to dismiss, if any claims remain, the parties contact the undersigned's chambers to set a Scheduling Conference.

Dated this 29th day of October, 2026, at Denver, Colorado.

BY THE COURT:



Cyrus Y. Chung
United States Magistrate Judge